UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FELICIA DANCE, on behalf of
herself and those similarly situated,

    Plaintiff,                                        Case No.

vs.

FIRST DATA CORPORATION, a Foreign
Profit Corporation,

    Defendants
_____/

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, FELICIA DANCE, ("Plaintiff"), on behalf of herself and those similarly situated, by and through undersigned counsel, files this Complaint against Defendant, FIRST DATA CORPORATION ("Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants and throughout her employment, Defendant deprived Plaintiff of proper overtime compensation for her hours worked in excess for forty (40) hours each week.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

## PARTIES

6. At all times material hereto, Plaintiff was a resident of Cobb County, Georgia.

7. At all times material hereto, Defendant was a Foreign Corporation.

8. At all times material hereto, Defendant was a financial services company located at 5565 Glenridge Connection, #2000, Atlanta, GA 30342.

## FLSA COVERAGE

9. At all times material hereto, Plaintiff regularly performed duties for Defendant within the State of Georgia and within this judicial district.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA because it simultaneously conducted business in two or more states.

13. At all times material hereto, Defendant was, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Defendant had two (2) or more employees handling, or otherwise working on goods or materials that had been moved in or produced for commerce, including computers, telephones, and other equipment necessary and integral to Defendant's business operations.

16. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

17. In October 2017, Defendant hired Plaintiff to work as a non-exempt account manager.

18. At all times material hereto, Plaintiff worked for Defendant assisting clients with payroll issues.

19. From at least October 2017 and continuing through the present, Defendant failed to compensate Plaintiff at rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours in a single work week.

20. Plaintiff should be compensated at the rate of one and one-half times her regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

21. Defendant has violated Title 29 U.S.C. §207 from at least October 2017 and continuing through the present in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b.    No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA.

    c.    Defendant failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff and the class members were all "account managers" and performed the same or similar job duties as one another in that they assisted clients with payroll issues..

23. Plaintiff and the class members were subjected to the same pay provisions in that they were all classified as exempt from overtime and not compensated at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a single work week

24. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

25. Defendant's failure to properly compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that "account managers" are/were paid for overtime hours worked based on the Defendant's erroneous misclassification of its "account manager" employees as exempt from overtime.

26. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the

non-payment of overtime to Plaintiff applied and continues to apply to all class members. Accordingly, the class members are properly defined as:

> **All "account managers" who worked for Defendant within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in one or more workweeks.**

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation with respect to Plaintiff and the class members.

28. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

29. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more work weeks without compensating such employees for their work at a rate of at least time-and-one-half for all hours worked in excess of 40 hours in a work week.

30. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

31. Defendant has failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

32. Plaintiff realleges and incorporates paragraphs 1 through 31 as if fully set forth herein.

33. From at least October 2017 and continuing through the present, Plaintiff worked

in excess of forty (40) hours per work week.

34. Plaintiff was not properly compensated at the statutory rate of one and one-half times her regular rate of pay for the hours she worked in excess of forty (40) hours each workweek

35. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times her regular rate of pay for those hours worked in excess of forty (40) hours.

36. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

38. Defendant failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing

       Plaintiff and her counsel to represent the Class;

b.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

c.    Awarding Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

d.    Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

e.    Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.    Awarding Plaintiff pre-judgment and/or post-judgment interest;

g.    Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED: June 21, 2019.                      Respectfully submitted,

                                                        */s/ Andrew R. Frisch*
                                                        ANDREW R. FRISCH
                                                        MORGAN & MORGAN, P.A.
                                                        8151 Peters Road, Suite 4000
                                                        Plantation, FL 33324
                                                         T: (954) WORKERS;  F: (954) 3273013
                                                         E-mail: AFrisch@forthepeople.com

                                                        *Trial Counsel for Plaintiff*